Stephen Michael **BIRNBAUM**, Petitioner—Appellant,

v.

Miles **LONG**, Warden, Respondent— Appellee.

No. 05–15237.

D.C. No. CV–99–01049–1–RLH.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 19, 2005.

Submitted Dec. 9, 2005.

Decided Dec. 23, 2005.

Linda Marie Bell, Esq., FPDNV—Federal Public Defender's Office (Las Vegas), Las Vegas, NV, for Petitioner—Appellant.

Thom Gover, Conrad Hafen, AGNV—office of the Nevada Attorney General (Las Vegas), Las Vegas, NV, for Respondent—Appellee.

Before REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief IT Judge.

## MEMORANDUM **

Stephen Birnbaum appeals the district court's denial of his petition for a writ of habeas corpus. He asserts that (1) he was denied effective assistance of counsel, (2) as a result his guilty plea was not knowing, intelligent and voluntary, and (3) the trial court deprived him of due process by failing to hold a hearing to determine his competency.

With respect to the due process claim, Birnbaum failed to present to the trial court evidence sufficient to raise a reasonable or "bona fide" doubt as to his competency to enter a guilty plea or stand trial. *See United States v. Loyola–Dominguez,* 125 F.3d 1315, 1318 (9th Cir.1997). Thus, the court did not err in deciding not to hold a competency hearing.

There is, however, no evidence that Birnbaum's counsel conducted *any* investigation regarding Birnbaum's mental state at the time of the crime, despite evidence that Birnbaum was taking heavy doses of psychoactive medication and that he had a long history of mental illness. Thus, Birn-

baum has demonstrated "the potential of a *colorable claim*" that, if proven true at an evidentiary hearing, would show that his counsel's failure to investigate his mental state amounted to ineffective assistance and that, but for such deficient representation, there is a reasonable probability that he would not have pled guilty. *See Earp v. Ornoski,* 431 F.3d 1158, 1160 (9th Cir. 2005) (citing *Strickland v. Washington,* 466 U.S. 668, 688, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Birnbaum also has a colorable claim that, due to his counsel's deficiencies, his guilty plea did not represent "a voluntary and intelligent choice among the alternative courses of action open to [him]." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Thus, he is also entitled to an evidentiary hearing on whether his counsel's ineffective assistance rendered his guilty plea unknowing, involuntary or unintelligent.

Accordingly, we affirm the district court's decision denying Birnbaum's claim that the trial court violated his due process rights by failing to hold a competency hearing. However, we remand for an evidentiary hearing on his claims that (1) he was denied effective assistance of counsel and (2) as a result his plea was not entered knowingly, intelligently and voluntarily.

AFFIRMED in part; REMANDED in part for an evidentiary hearing.

---

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.